---

In re KOPF.   (No. 6.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

ATTORNEY AND CLIENT (§ 58*)—DISBARMENT—PROFESSIONAL MISCONDUCT.

> An attorney, who aided a bankrupt in disposing of and secreting his property, so as to hide it from the creditors, being a young man, not familiar with bankruptcy practice, and without conception of his duties as a member of the bar, will not be disbarred, but only suspended for one year.
>
> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. § 58.*]

Disbarment proceedings against Nathan Kopf, an attorney. Respondent suspended.

See, also, 159 App. Div. 887, 143 N. Y. Supp. 1102.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Theodore B. Richter, of New York City, for petitioner.

Benno Lewinson, of New York City, for respondent.

INGRAHAM, P. J.   The charges against the respondent, which the official referee has sustained, involve the connection of the respondent with certain fraudulent acts of one Joseph Mayer preceding his adjudication as a bankrupt and in connection with the bankrupt's estate.   In a very careful and exhaustive report the official referee has reviewed the evidence, and has found the respondent guilty of unprofessional conduct in knowingly aiding the bankrupt in fraudulently disposing of his property before the bankruptcy and endeavoring to hide from the creditors such fraudulent disposition of his property.   It is unnecessary for us to review the testimony or the report of the referee.   He has exhaustively considered the questions presented to him, and it is sufficient to say that we are entirely satisfied with his report, and it is therefore adopted by the court.

The respondent is a young man, admitted to practice in October, 1907.   Prior to his admission to practice he had served as clerk in a law office for several years, and he continued that clerkship for some time after his admission to the bar, commencing practice for himself in 1908.   The acts out of which this proceeding grew happened in the latter part of 1911, about three years after the respondent commenced to practice law.   This seems to have been his first experience in bankruptcy litigation, and the evidence clearly shows, I think, that he was inexperienced and had no conception of his obligations as a member of the bar.   The bankrupt testified against him in these proceedings; but, as the official referee reports, his testimony, in view of his con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

duct at the time of and subsequent to the bankruptcy, was such as to require any statement that he made against the respondent to be corroborated. So far as the respondent has been found guilty, we find such corroboration in the circumstances surrounding the whole transaction and in other evidence that was submitted.

There can be no more serious professional misconduct than aiding and abetting a failing debtor so to dispose of his property that it will be reserved by the debtor and his creditors defrauded. That this bankrupt was engaged in such a proceeding is not disputed by the respondent. The amount involved in this case, however, is comparatively small, but of the amount of which the creditors were defrauded the respondent received a fee of $100 for the services which he rendered to the bankrupt, the receipt of which he was careful to conceal when preparing the schedules filed after the adjudication in bankruptcy. This practice of members of the profession assisting bankrupts in disposing of their property and defrauding creditors is one that we shall treat as most serious professional misconduct. Nor do we consider the respondent's testimony before the official referee as the truthful and honest statement that a lawyer should present under these circumstances. But, considering the youth and inexperience of the respondent and his evident lack of appreciation of the responsibilities which he assumed in becoming a member of the profession, we are willing to give the respondent an opportunity to retrieve his error, and, instead of disbarment, to suspend him from practice for the term of one year.

The respondent is therefore suspended from practice for one year, and until the further order of the court, with leave to the respondent to apply for reinstatement at the expiration of such period, upon showing that he has actually abstained from practice and has otherwise properly conducted himself. All concur.