In the Matter of NATHANIEL KOPF, an Attorney, Respondent·

First Department, June 24, 1927.

**Attorney and client — attorney, twice previously suspended, disbarred for temporarily converting check of client, received in settlement of action, and attempting to intimidate client as witness on hearing before grievance committee.**

Respondent, an attorney at law, who has twice previously been suspended from practice, is disbarred for failing to notify his client of a settlement, indorsing his client's name on a check received in settlement and depositing the funds in his own account, temporarily converting the same to his own use, and attempting to intimidate his client as a witness on the charges preferred herein by serving upon his client and his client's wife a summons in an action for alleged slander while they were waiting to testify before the committee on grievances of the Association of the Bar of the City of New York.

DISCIPLINARY proceeding brought against an attorney at law by the Association of the Bar of the City of New York.

*Einar Chrystie*, attorney, for the petitioner.

*Walter Lloyd Smith* of counsel [*Bernard Braun*, attorney], for the respondent.

DOWLING, P. J. The respondent was admitted to practice as an attorney and counselor at law in September, 1907, at a term

First Department, June, 1927.                    [Vol. 221

of the Appellate Division of the Supreme Court of the State of New York, Second Department, held in the county of Kings.

The facts relevant to the charges herein as found by the learned official referee and amply supported by the evidence, are as follows:

Morris D. Rosenberg was a stockholder and creditor of the Keystone Smelting and Refining Corporation. He had a dispute with his associates and co-owners of the stock of the corporation and consulted respondent as attorney. Bankruptcy proceedings against the corporation were determined on, including an application for the appointment of a receiver, but after the preparation of the necessary papers, the proceedings were abandoned and a settlement arranged. The negotiation for a settlement terminated on March 31, 1923, at which time an agreement was executed by the parties interested, which provided that certain accounts receivable, belonging to the corporation, were to be assigned to Rosenberg to secure the payment of the moneys invested or loaned by him to the corporation. An accountant named Natanson was engaged and prepared a written report or statement of the corporation's financial condition, which report or statement was used in the settlement negotiations. At the time that the settlement agreement was executed, a carbon copy of such financial report or statement was delivered to respondent by one of Rosenberg's associate owners of the Keystone Corporation or by the attorney for that corporation.

On April 6, 1923, Rosenberg paid the respondent a fee of $125. He had previously paid the respondent $200. On April sixth the respondent gave Rosenberg a receipt reading as follows:

> " NATHANIEL KOPF
> " Counselor at Law
> " 1482 Broadway
> " New York
> " Phone Bryant 2943
>
> " *April Sixth,* 1923.

" RECEIVED from Morris D. Rosenberg, his check for One Hundred and Twenty-five Dollars ($125.00) which when paid will be in full for services rendered and to be rendered in the matter of winding up his affairs with the Keystone Smelting and Refining Corporation of 43 Rutledge Street, Borough of Brooklyn, New York City, excepting court costs, if any.

> " NATHANIEL KOPF."

Subsequent to the execution of the settlement agreement another dispute arose between Rosenberg and the Keystone Company. Rosenberg asserted that the company had improperly appropriated or failed to account for the proceeds of one of the accounts

which had been assigned to him by the terms of the settlement agreement. The respondent, at Rosenberg's request, instituted an action against the Keystone Company in the Municipal Court of the City of New York, Borough of Manhattan, Seventh District, to recover $374.43, the amount alleged to be wrongfully withheld by the company. The Keystone Company appeared in this action and made a voluntary tender of the sum of $294.88, this being the amount which the company admitted was due to Rosenberg, and deposited this amount with the clerk of the court on June 14, 1923. In the regular course of business the clerk transmitted the money so deposited to the chamberlain of the city of New York. After one adjournment the case of Rosenberg against the Keystone Company appeared on the calendar of the court for trial on June 28, 1923. In order to induce the respondent, as the plaintiff's attorney, to consent to an adjournment of the trial, the defendant's attorney then stipulated that the money paid to the clerk of the court which had been transmitted to the chamberlain might be withdrawn by Rosenberg pending the trial of the action without prejudice to his rights in the matter. The court expressed the opinion that the case could not be reached for trial before the summer vacation and it was agreed that the case go over until the following September. On the same day an order was entered directing the chamberlain to pay to Rosenberg the amount deposited as above stated. A copy of this order was sent to the chamberlain by mail on June 28, 1923. Thereafter, on July 5, 1923, the chamberlain forwarded to respondent a check dated that day drawn to the order of Morris Rosenberg in the sum of $292.35, that being the amount deposited, less the city chamberlain's commissions. The respondent indorsed his client's name on the back of this check and deposited it in his own bank account as attorney on July 9, 1923. The trial of the action brought by Rosenberg against the Keystone Company was postponed from time to time and finally on November 22, 1923, the parties interested met in the chambers of Mr. Justice LAZARUS, and after going over the accounts agreed that an additional sum of $82.46 was due to Rosenberg. A check for this amount was then given to him and the action was marked settled. Rosenberg gave this check to the respondent for collection. After the check had passed through his bank account, the respondent gave Rosenberg a check dated November 30, 1923, for $82.46, which Rosenberg deposited in his bank account on December 4, 1923, and which was paid.

On or about January 24, 1924, Rosenberg called at the office of the chamberlain of the city of New York and examined the check for $292.35 which had been sent to the respondent the

previous July. On the same day Rosenberg called upon the respondent at his office and respondent then gave him a check for $316.12, that being the amount previously received by him from the chamberlain, with interest thereon from the date he received the money from the chamberlain to the date of the payment to Rosenberg.

Rosenberg had this check for $316.12 certified and thereafter he went to the office of the attorney for the committee on grievances of the Association of the Bar and complained of the respondent's conduct. Subsequently the respondent was notified that the committee on grievances would meet for the purpose of investigating Rosenberg's complaint. On the day fixed for the hearing before the committee, while Rosenberg and his wife were waiting in the rooms of the Association of the Bar to be called as witnesses before the committee on grievances, the respondent caused to be served upon them summonses in actions brought by him against them in the Supreme Court of the State of New York, each to recover the sum of $25,000 damages for alleged slander. No further steps have been taken in either of these actions.

The main controversy was over the question of whether respondent concealed from his client Rosenberg the fact that the city chamberlain had transmitted to respondent on July 5, 1923, a check for the amount to the credit of Rosenberg in his action against the Keystone Smelting and Refining Corporation, and whether Rosenberg ever authorized respondent to receive the check from the city chamberlain, or to indorse his name on the check as attorney for him, or to use or to hold or to retain any part of the proceeds of the check.

The learned official referee has found the following facts as to said controversy.

The check for $293.35 was received by respondent from the city chamberlain on July 5, 1923. Respondent did not disclose to his client Rosenberg that he had received this check from the city chamberlain on July 5, 1923, and Rosenberg was not apprised of the receipt of such check by respondent until January 24, 1924, on which day Rosenberg called at respondent's office and then demanded and received from respondent the amount of the check, with interest at six per cent per annum. Rosenberg did not authorize respondent to sign or to indorse his name on the back of the check, or to indorse it in any other form, and Rosenberg had no knowledge of the indorsement of the check by respondent in his name as attorney until the former saw it so indorsed in the city chamberlain's office on January 24, 1924. Respondent deposited the check so received by him in a bank account kept by him in the Hamilton

National Bank known as " Nathaniel Kopf, atty.," and this account at times subsequent to the deposit of said check for $292.35 was reduced to an amount less than that sum. There was also an account in the Bank of Washington Heights during the period in question from which respondent and his wife had the right to withdraw funds and while that account at all times showed a sum in excess of the amount received by respondent for Rosenberg from the city chamberlain and might indicate financial ability to repay such amount to Rosenberg, it was not an adequate excuse for the withdrawal of the whole or any part of the specific sum deposited to the account of Nathaniel Kopf, as attorney, in the Hamilton National Bank.

The foregoing findings of the learned official referee are fully warranted by the testimony taken before him. Taken in conjunction with his effort to intimidate the complaining witnesses against him by the service of summonses upon them, while waiting in the rooms of the Association of the Bar to be called as witnesses before the committee on grievances in actions brought to recover $25,000 damages from each of them for slander, which actions have never been moved for trial, it is demonstrated that respondent is unfit to remain a member of an honorable profession and should be disbarred.

This is not respondent's first experience with disciplinary proceedings. On April 16, 1913, under the name of Nathan Kopf, he was suspended from the practice of the profession of the law for one year in the United States District Court for the Southern District of New York for unprofessional conduct; and in November, 1914, he was suspended by this Appellate Division for one year, under the same name, for the same connection with fraudulent acts of a bankrupt, the court treating his acts as constituting " most serious professional misconduct " but imposing no more severe penalty and did not disbar him because of " the youth and inexperience of the respondent and his evident lack of appreciation of the responsibilities which he assumed in becoming a member of the profession." (165 App. Div. 900, 901.) The record in the present proceeding demonstrates that he still has no adequate appreciation of the ethics of his profession. The respondent should, therefore, be disbarred.

MERRELL, FINCH, McAVOY and PROSKAUER, JJ., concur.

Respondent disbarred.